LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, Nationwide FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| NUR SATTYAKAM and ANTHONY CORSETTI, *on behalf of themselves, Nationwide FLSA Collective Plaintiffs, and the Class,* | Case No: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| ARON SECURITY, INC. d/b/a ARROW SECURITY, and JOHN DOE CORPORATIONS 1-100 d/b/a ARROW SECURITY, | |
| Defendants. | |

---

Plaintiffs NUR SATTYAKAM and ANTHONY CORSETTI ("Plaintiffs"), on behalf of themselves, Nationwide FLSA Collective Plaintiffs and Class members, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, ARON SECURITY, INC. d/b/a ARROW SECURITY, and JOHN DOE CORPORATIONS 1-100 d/b/a ARROW SECURITY (collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.     Defendants operate a nationwide security guard enterprise with multiple offices across the United States under the trade name "Arrow Security". Arrow Security is "one of the

largest privately-held security guard companies in the United States" that provides security personnel to its customers throughout the country. See attached **Exhibit A.** Defendants employ thousands of individuals and have revenues exceeding $18.31 Million, with offices located in twelve states: Arizona (1 office), Connecticut (1 office), Florida (2 offices), Georgia (1 office), Massachusetts (1 office), Maryland (1 office), New Jersey (1 office), New York (4 offices), Ohio (1 office), Oklahoma (1 office), Texas (2 offices) and Virginia (2 offices). See attached **Exhibit B**. All Arrow Security offices are operated through and controlled by its U.S. headquarters, located at 300 W. Main Street, Smithtown, New York, 11787.

2.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that Plaintiffs, Nationwide FLSA Collective Plaintiffs and Class members are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid wages due to uncompensated travel-time, (3) unpaid overtime premium, (4) liquidated damages, and (5) attorneys' fees and costs.

3.     Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL") and the respective laws of the states in which Defendants operate their Offices, that Plaintiffs and Class members are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid wages due to uncompensated travel-time, (3) unpaid overtime premium, (4) unreimbursed costs for tools of trade and maintenance,, (4) unpaid spread of hours premium, (5) unreimbursed uniform maintenance costs, (6) statutory penalties, (7) liquidated damages, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. § 1367. Original jurisdiction also exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), as this is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## **PARTIES**

6.      Plaintiff, NUR SATTYAKAM, for all relevant time periods, was a resident of Bronx County, New York.

7.      Plaintiff, ANTHONY CORSETTI, for all relevant time periods, was a resident of Suffolk County, New York.

8.      Defendant ARON SECURITY, INC. is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 300 West Main Street, Smithtown, New York, 11787. ARON SECURITY, INC. is a franchisor of Arrow Security offices all throughout the country. Defendant ARON SECURITY, INC. directly or through its wholly owned subsidiaries, control operations of JOHN DOE CORPORATIONS 1-100.

9.      Upon information and belief, Defendants JOHN DOE CORPORATIONS 1-100 are individual unknown corporations operating Arrow Security offices in twelve (12) states across the country.  JOHN DOE CORPORATIONS 1-100 are direct subsidiaries and/or have their operations controlled by Defendant ARON SECURITY, INC. Defendant ARON

SECURITY, INC. exercises control over the employment terms and conditions of those working for Defendants JOHN DOE CORPORATIONS 1-100. Defendant ARON SECURITY, INC. has and exercises the power and authority to determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of employees of JOHN DOE CORPORATIONS 1-100. Defendant ARON SECURITY, INC. exercises functional control over the business and financial operations of all JOHN DOE CORPORATIONS 1-100 and has authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning employees.  While each individual office comprising JOHN DOE CORPORATIONS 1-100 is ultimately owned by a separate corporation, ARON SECURITY, INC. and JOHN DOE CORPORATIONS 1-100 operate their business and offices as a single integrated enterprise.

10.     The Arrow Security offices (the "Offices") operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose.

    a) Each Office location is engaged in the same business of providing security services.

    b) All of the Offices share the same trade name "Arrow Security" with the same logo and are marketed jointly on a common website: (https://arrowsecurity.net/). See **Exhibit C**.

    c) The Offices within New York State are commonly owned and operated by ARON SECURITY, INC. See **Exhibit D.**

    d) All offices share the common "Service" Webpage, "Training" Webpage, "Technology" Webpage, "People" Webpage, "Join Our Team" Webpage, "Contact/Locations" Webpage, corporate office address, email address and 1-800 telephone number. See **Exhibit E**.

    e) Job openings of Arrow Security Offices in multiple states are posted on the same Webpage for prospective employees to apply. See **Exhibit E** for the "Contact/Locations" Webpage**.**

f) All Offices share common social media accounts:

- Facebook: https://www.facebook.com/Arrow-Security-104168308376222.

- Instagram: https://www.instagram.com/arrow.security/. See **Exhibit F.**

11. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and regulations thereunder.

12. At all relevant times, ARON SECURITY, INC. d/b/a ARROW SECURITY and JOHN DOE CORPORATIONS 1-100 d/b/a ARROW SECURITY met the definition of an "employer" of Plaintiffs, Nationwide FLSA Collective Plaintiffs and Class Members.

13. Plaintiffs, Nationwide FLSA Collective Plaintiffs and Class Members were employed by all Defendants as a single employer.

14. At all relevant times, Defendants have operated together as a single integrated enterprise in conducting business, including the business practices described in this Complaint. They are interrelated companies that have common ownership, officers, managers, products, services, and corporate purpose.

15. At all relevant times, the work performed by Plaintiffs, Nationwide FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## NATIONWIDE FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to, security guards and site supervisors employed by Defendants throughout the United States on or after the date that is six (6) years before the filing of the Complaint ("Nationwide FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiffs and Nationwide FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay them (i) for all hours worked due to a policy of time shaving, (ii) for all hours worked due to a policy of not compensating for travel time, and (iii) their overtime premium at the rate of one-and-a-half the regular rate for all hours worked in excess of forty (40) hours per week, as required under the FLSA.

18.     Plaintiffs' claims stated herein are essentially the same as those of the other Nationwide FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Nationwide FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## RULE 23 CLASS ALLEGATIONS

20.     Plaintiffs bring claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to, security guards and site supervisors employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members"), for each state in which Defendants operate an Office, as relevant.

21.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held and rates of pay for each Class Member are also be determinable from

Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

22.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay wages for all hours worked, due to time-shaving, (ii) failing to compensate for travel-time, (iii) failing to pay overtime, (iv) failing to pay spread of hours premium, (v) failing to reimburse uniform maintenance costs, (vi) failing to provide compliant wage statements, and (v) failing to provide wage and hour notices upon hiring and as required thereafter.

24.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

25.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.     Defendants violate the various state labor laws in the respective states in which Defendants have Offices. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so

can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiffs and the Class members within the meaning of the respective state laws of those states in which Defendants have Offices;

b)   What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and the Class members properly;

c)   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

d)   Whether Defendants properly notified Plaintiffs and Class members of their hourly rate and overtime rate;

e)   Whether Defendants paid Plaintiffs and Class members proper wages for all hours worked;

f)   Whether Defendants paid Plaintiffs and Class Members and the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g)   Whether Defendants failed to properly compensate Plaintiffs and Class members for travel time;

h) Whether Defendants reimbursed Class members for costs incurred in maintaining tools of the trade;

i) Whether Defendants paid the "spread of hours" premium owed to Plaintiffs and Class members whose workdays exceeded ten hours;

j) Whether Defendants reimbursed Plaintiffs and Class members for uniform maintenance costs;

k) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notices at date of hiring; and

l) Whether Defendants provided proper wage statements informing Plaintiffs and Class members of all information required therein, with each payment of wages.

## STATEMENT OF FACTS

PLAINTIFF NUR SATTYAKAM

29.     In or about June 2020, Plaintiff NUR SATTYAKAM was hired by Defendants to work as a security guard. During his employment, he was stationed at various locations throughout New York City.  He was required to travel between locations during his workday and was never compensated for such travel time.

30.     On November 15, 2020, Plaintiff NUR SATTYAKAM was promoted to site supervisor and thereafter, shifted between working as a security guard and site supervisor. Plaintiff NUR SATTYAKAM's employment with Defendants terminated on December 31, 2020.

31.     Throughout his employment with Defendants, Plaintiff NUR SATTYAKAM was scheduled to work five to six days per week for eight hours per day, on a single shift basis.   He

was required to perform double shifts two to four times each week for a total of 56-72 hours worked each week. Nationwide FLSA Collective Plaintiffs and Class members worked a similar number of hours each week.

32.     From June 2020 through November 10, 2020, Plaintiff NUR SATTYAKAM was paid at a base hourly rate of $15.50 per hour as a security guard. From November 11, 2020 through December 31, 2020, Plaintiff NUR SATTYAKAM was paid at a base hourly rate of $16.00 per hour as a security guard. From November 15, 2020 through December 31, 2020, Plaintiff NUR SATTYAKAM was paid at a base hourly rate of $18.00 per hour as a site supervisor. Nationwide FLSA Collective Plaintiffs and Class members were all compensated at similar rates throughout their employment.

33.     Throughout Plaintiff NUR SATTYAKAM's employment with Defendants, he was not compensated for all hours worked.  He was not permitted to leave for the day until the relief guard arrived at the job site and then handover duties and updates would be required. This typically required him to remain at the job site for an additional twenty-five (25) minutes after the end of his daily scheduled shift. Defendants always failed to compensate Plaintiff NUR SATTYAKAM for his time worked after his daily scheduled shift ended. Similarly, Nationwide FLSA Collective Plaintiffs and Class members were also required to work beyond their scheduled shift and were not paid for such hours.

34.     Plaintiffs, FLSA Nationwide Collective Plaintiffs and Class Members were required to purchase and wear uniforms, which must be dry-cleaned, to work for Defendants. Plaintiff NUR SATTYAKAM had four sets of uniforms, two for his security guard position and two for his site supervisor position. Defendants did not launder or maintain his required uniforms.  Plaintiff NUR SATTYAKAM was required to dry clean his uniforms weekly at his

own expense.  Defendants did not reimburse Plaintiff NUR SATTYAKAM for his uniform maintenance costs. Class members were similarly required to pay for uniform maintenance costs on a weekly basis. At all times, Defendants failed to reimburse Plaintiffs and Class members for their uniform maintenance costs in violation of the NYLL.

PLAINTIFF ANTHONY CORSETTI

35.     In or about January 2017, Plaintiff ANTHONY CORSETTI was hired by Defendants to work as a security guard. During his employment he was stationed at various locations throughout Long Island. He was required to travel between locations during his workday and was never compensated for such travel time. Plaintiff ANTHONY CORSETTI's employment with Defendants terminated on or around August 12, 2020.

36.     Throughout his employment with Defendants, Plaintiff ANTHONY CORSETTI typically worked four days per week for eight to fifteen and one-half (8 - 15.5) hours per day for a total of forty-two to forty-eight (42 - 48) hours per week. Nationwide FLSA Collective Plaintiffs and Class members worked a similar number of hours each week.

37.     Throughout his employment with Defendants, Plaintiff ANTHONY CORSETTI was paid at or near the prevailing hourly minimum wage rate for Long Island: $13.00 per hour when he used the company car or $14.00 per hour when he used his personal car to perform job duties.  Nationwide FLSA Collective Plaintiffs and Class members were all compensated at similar rates throughout their employment.

38.     Throughout Plaintiff ANTHONY CORSETTI's employment with Defendants, he was not compensated for all hours worked.  He was not permitted to leave for the day until the relief guard arrived at the job site and then handover duties and updates would be required. This typically required him to remain at the job site for an additional twenty-five (25) minutes after

the end of his daily scheduled shift. Defendants always failed to compensate Plaintiff ANTHONY CORSETTI for his time worked after his daily scheduled shift ended. Similarly, Nationwide FLSA Collective Plaintiffs and Class members were also required to work beyond their scheduled shift and were not paid for such hours.

39.     Throughout Plaintiff ANTHONY CORSETTI's employment with Defendants, he was required to use his personal car to perform job duties approximately 90% of the time. Specifically, he was required to keep his car running during his entire shift, which led to more frequent oil changes and maintenance required. On average, Plaintiff ANTHONY CORSETTI typically spent approximately $700 every six months per month for maintenance and repair. Although he was paid an extra $1.00 per hour when he used his personal car to perform job duties, such compensation was insufficient to cover the costs of maintenance for his car. Similarly, Class members that used their personal cars to perform job duties were also not reimbursed properly for their costs in maintaining their cars.

40.     Plaintiffs, FLSA Nationwide Collective Plaintiffs and Class Members were required to purchase and wear uniforms, which must be dry-cleaned, to work for Defendants. Plaintiff ANTHONY CORSETTI had two (2) sets of uniforms.  Defendants did not launder or maintain his required uniforms. Plaintiff ANTHONY CORSETTI was required to dry clean his uniforms at his own expense.  Defendants did not reimburse Plaintiff ANTHONY CORSETTI for his uniform maintenance costs. Class members were similarly required to pay for uniform maintenance costs on a regular basis. At all times, Defendants failed to reimburse Plaintiffs and Class members for their uniform maintenance costs in violation of the NYLL.

41.     Throughout their employment with Defendants, Plaintiffs were routinely required to work shifts exceeding ten (10) hours in duration and did not receive any spread of hours

premium. Similarly, Class members were required to work shifts exceeding ten (10) hours in duration for which they were not paid any spread of hours premium.

42.     At all times, Defendants operated their business with a policy of not properly reimbursing Plaintiffs and Class members for their out-of-pocket expenses for tools of the trade, in violation of state law.

43.     Defendants never provided Plaintiffs with wage notices, as required by state law. Similarly, Class Members were never provided with any wage notices.

44.     Defendants did not provide Plaintiffs with proper wage statements at all relevant times in violation of state law. Similarly, Class members also did not receive proper wage statements.

45.     Because Plaintiffs worked at multiple Arrow Security Office locations, they personally observed that the above described federal and state wage and hour policies and violations were consistent among the Arrow Security Office locations operated by Defendants.

46.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, Nationwide FLSA Collective Plaintiffs, and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

47.     Plaintiffs reallege and reaver Paragraphs 1 through 46 of this Class and Collective Action Complaint as if fully set forth herein.

48.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and Nationwide FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.    At all relevant times, Defendants employed Plaintiffs and Nationwide FLSA Collective Plaintiffs within the meaning of the FLSA.

50.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

51.    At all relevant times, Defendants had a policy and practice of failing to pay wages to Plaintiffs and Nationwide FLSA Collective Plaintiffs for all hours worked due to time shaving.

52.    At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and Nationwide FLSA Collective Plaintiffs for all hours worked due to a policy of not compensating for travel time.

53.    At all relevant times, Defendants willfully violated Plaintiffs' and Nationwide FLSA Collective Plaintiffs' rights by failing to pay them their proper overtime premium for all hours worked in excess of forty (40) hours per week.

54.    Defendants failed to properly disclose or apprise Plaintiffs and Nationwide FLSA Collective Plaintiffs of their rights under the FLSA.

55.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and Nationwide FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

56.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and Nationwide FLSA Collective Plaintiffs suffered damages in an amount not presently

ascertainable of unpaid wages and overtime premium, and an equal amount as liquidated damages.

57.     Records, if any exist, concerning the number of hours worked by Plaintiffs and Nationwide FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and Nationwide FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiffs will then seek leave of Court to amend this Complaint to set forth the precise amount due.

58.     Plaintiffs and Nationwide FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

59.     Plaintiffs reallege and reaver Paragraphs 1 through 58 of this Class and Collective Action Complaint as if fully set forth herein.

60.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

61.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class members for all hours worked due to Defendants' policy of time shaving.

62.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class members for all hours worked due to Defendants' policy not to compensate for travel time.

16

63.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

64.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay compensation for tools of the trade maintenance/repair costs as required under the New York Labor Law.

65.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to reimburse them for their unform maintenance costs as required under the New York Labor Law.

66.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

67.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiffs and other non-exempt employees at the beginning of employment, in violation of the New York Labor Law.

68.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, unreimbursed maintenance/repair costs for tools of the trade, unreimbursed uniform maintenance costs, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action.

### VIOLATION OF THE ARIZONA MINIMUM WAGE ACT

69.     Plaintiffs reallege and reaver Paragraphs 1 through 68 of this Class and Collective Action Complaint as fully set forth herein.

70.     At all relevant times, Class members who worked at Defendants' Offices located in Arizona were employed by the Defendants within the meaning of the Arizona Minimum Wage Act.

71.     At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Arizona, as defined in the Arizona Minimum Wage Act.

72.     At all relevant times, Class members who worked at Defendants' Offices located in Arizona were not exempt from the minimum wage provisions of the Arizona Minimum Wage Act.

73.     At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Arizona proper wages and overtime for all of their hours worked due time shaving.

74.     At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Arizona proper wages for travel time.

75.     Due to the Defendants' Arizona Minimum Wage Act violations, Class members who worked at Defendants' Offices located in Arizona are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Arizona Minimum Wage Act.

## VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

76.     Plaintiffs reallege and reaver Paragraphs 1 through 76 of this Class and Collective Action Complaint as fully set forth herein.

77.     At all relevant times, Class members who worked at Defendants' Offices located in Connecticut were employed by the Defendants within the meaning of the Connecticut Minimum Wage Act.

78.     At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Connecticut, as defined in the Connecticut Minimum Wage Act.

79.     At all relevant times, Class members who worked at Defendants' Offices located in Connecticut were not exempt from the minimum wage provisions of the Connecticut Minimum Wage Act.

80.     At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Connecticut proper wages and overtime for all of their hours worked due time shaving.

81.     At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Connecticut proper wages for travel time.

82.     Due to the Defendants' Connecticut Minimum Wage Act violations, Class members who worked at Defendants' Offices located in Connecticut are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Connecticut Minimum Wage Act.

## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

83.     Plaintiffs reallege and reaver Paragraphs 1 through 83 of this Class and Collective Action Complaint as fully set forth herein.

84.     At all relevant times, Class members who worked at Defendants' Offices located in Florida were employed by the Defendants within the meaning of the Florida Minimum Wage Act.

85.     At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Florida, as defined in the Florida Minimum Wage Act.

86.     At all relevant times, Class members who worked at Defendants' Offices located in Florida were not exempt from the minimum wage provisions of the Florida Minimum Wage Act.

87.     At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Florida proper wages and overtime for all of their hours worked due time shaving.

88.     At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Florida proper wages for travel time.

89.     Due to the Defendants' Florida Minimum Wage Act violations, Class members who worked at Defendants' Offices located in Florida are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Florida Minimum Wage Act.

## VIOLATION OF THE GEORGIA MINIMUM WAGE LAW

90.     Plaintiffs reallege and reaver Paragraphs 1 through 89 of this Class and Collective Action Complaint as fully set forth herein.

91.     At all relevant times, Class members who worked at Defendants' Offices located in Georgia were employed by the Defendants within the meaning of the Georgia Minimum Wage Law.

92.     At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Georgia, as defined in the Georgia Minimum Wage Law.

93.     At all relevant times, Class members who worked at Defendants' Offices located in Georgia were not exempt from the minimum wage provisions of the Georgia Minimum Wage Law.

94.     At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Georgia proper wages and overtime for all of their hours worked due time shaving.

95.     At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Georgia proper wages for travel time.

96.     Due to the Defendants' Georgia Minimum Wage Law violations, Class members who worked at Defendants' Offices located in Georgia are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Georgia Minimum Wage Law.

**VIOLATION OF THE MASSACHUSETTS MINIMUM FAIR WAGE LAW**

97.     Plaintiffs reallege and reaver Paragraphs 1 through 96 of this Class and Collective Action Complaint as fully set forth herein.

98.     At all relevant times, Class members who worked at Defendants' Offices located in Massachusetts were employed by the Defendants within the meaning of the Massachusetts Minimum Fair Wage Law.

99.     At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Massachusetts, as defined in the Massachusetts Minimum Fair Wage Law.

100.    At all relevant times, Class members who worked at Defendants' Offices located in Massachusetts were not exempt from the minimum wage provisions of the Massachusetts Minimum Fair Wage Law.

101.    At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Massachusetts proper wages and overtime for all of their hours worked due time shaving.

102.    At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Massachusetts proper wages for travel time.

103.    Due to the Defendants' Massachusetts Minimum Fair Wage Law violations, Class members who worked at Defendants' Offices located in Massachusetts are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Massachusetts Minimum Fair Wage Law.

## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

104.    Plaintiffs reallege and reaver Paragraphs 1 through 103 of this Class and Collective Action Complaint as fully set forth herein.

105.    At all relevant times, Class members who worked at Defendants' Offices located in Maryland were employed by the Defendants within the meaning of the Maryland Wage and Hour Law.

106.    At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Maryland, as defined in the Maryland Wage and Hour Law.

107.    At all relevant times, Class members who worked at Defendants' Offices located in Maryland were not exempt from the minimum wage provisions of the Maryland Wage and Hour Law.

108.    At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Maryland proper wages and overtime for all of their hours worked due time shaving.

109.    At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Maryland proper wages for travel time.

110.    Due to the Defendants' Maryland Wage and Hour Law violations, Class members who worked at Defendants' Offices located in Maryland are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Maryland Wage and Hour Law.

**VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW**

111.    Plaintiffs reallege and reaver Paragraphs 1 through 110 of this Class and Collective Action Complaint as fully set forth herein.

112. At all relevant times, Class members who worked at Defendants' Offices located in New Jersey were employed by the Defendants within the meaning of the New Jersey Wage and Hour Law.

113. At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in New Jersey, as defined in the New Jersey Wage and Hour Law.

114. At all relevant times, Class members who worked at Defendants' Offices located in New Jersey were not exempt from the minimum wage provisions of the New Jersey Wage and Hour Law.

115. At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in New Jersey proper wages and overtime for all of their hours worked due time shaving.

116. At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in New Jersey proper wages for travel time.

117. Due to the Defendants' New Jersey Wage and Hour Law violations, Class members who worked at Defendants' Offices located in New Jersey are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the New Jersey Wage and Hour Law.

**VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT**

118. Plaintiffs reallege and reaver Paragraphs 1 through 117 of this Class and Collective Action Complaint as fully set forth herein.

119.    At all relevant times, Class members who worked at Defendants' Offices located in Ohio were employed by the Defendants within the meaning of the Ohio Minimum Fair Wage Standards Act.

120.    At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Ohio, as defined in the Ohio Minimum Fair Wage Standards Act.

121.    At all relevant times, Class members who worked at Defendants' Offices located in Ohio were not exempt from the minimum wage provisions of the Ohio Minimum Fair Wage Standards Act.

122.    At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Ohio proper wages and overtime for all of their hours worked due time shaving.

123.    At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Ohio proper wages for travel time.

124.    Due to the Defendants' Ohio Minimum Fair Wage Standards Act violations, Class members who worked at Defendants' Offices located in Ohio are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Ohio Minimum Fair Wage Standards Act.

## VIOLATION OF THE OKLAHOMA MINIMUM WAGE ACT

125.    Plaintiffs reallege and reaver Paragraphs 1 through 124 of this Class and Collective Action Complaint as fully set forth herein.

126.    At all relevant times, Class members who worked at Defendants' Offices located in Oklahoma were employed by the Defendants within the meaning of the Oklahoma Minimum Wage Act.

127.    At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Oklahoma, as defined in the Oklahoma Minimum Wage Act.

128.    At all relevant times, Class members who worked at Defendants' Offices located in Oklahoma were not exempt from the minimum wage provisions of the Oklahoma Minimum Wage Act.

129.    At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Oklahoma proper wages and overtime for all of their hours worked due time shaving.

130.    At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Oklahoma proper wages for travel time.

131.    Due to the Defendants' Oklahoma Minimum Wage Act violations, Class members who worked at Defendants' Offices located in Oklahoma are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Oklahoma Minimum Wage Act.

## VIOLATION OF THE TEXAS MINIMUM WAGE ACT

132.    Plaintiffs reallege and reaver Paragraphs 1 through 131 of this Class and Collective Action Complaint as fully set forth herein.

133.    At all relevant times, Class members who worked at Defendants' Offices located in Texas were employed by the Defendants within the meaning of the Texas Minimum Wage Act.

134.    At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Texas, as defined in the Texas Minimum Wage Act.

135.    At all relevant times, Class members who worked at Defendants' Offices located in Texas were not exempt from the minimum wage provisions of the Texas Minimum Wage Act.

136.    At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Texas proper wages and overtime for all of their hours worked due time shaving.

137.    At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Texas proper wages for travel time.

138.    Due to the Defendants' Texas Minimum Wage Act violations, Class members who worked at Defendants' Offices located in Texas are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Texas Minimum Wage Act.

## VIOLATION OF THE VIRGINIA MINIMUM WAGE ACT

139.    Plaintiffs reallege and reaver Paragraphs 1 through 138 of this Class and Collective Action Complaint as fully set forth herein.

140.    At all relevant times, Class members who worked at Defendants' Offices located in Virginia were employed by the Defendants within the meaning of the Virginia Minimum Wage Act.

141.    At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' Offices located in Virginia, as defined in the Virginia Minimum Wage Act.

142.    At all relevant times, Class members who worked at Defendants' Offices located in Virginia were not exempt from the minimum wage provisions of the Virginia Minimum Wage Act.

143.    At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' Offices located in Virginia proper wages and overtime for all of their hours worked due time shaving.

144.    At all relevant times, Defendants had a policy and practice of failing to compensate Class members who worked at Defendants' Offices located in Virginia proper wages for travel time.

145.    Due to the Defendants' Virginia Minimum Wage Act violations, Class members who worked at Defendants' Offices located in Virginia are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the Virginia Minimum Wage Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, Nationwide FLSA Collective Plaintiffs, and Class Members, respectfully request that this Court grant the following relief:

    a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

    b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.   An award of unpaid wages and overtime compensation;

d.   An award of unpaid costs for reimbursement of tools of the trade;

e.   An award of unpaid spread of hours premium;

f.   An award of unpaid uniform maintenance costs;

g.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

h.   An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

i.   Designation of Plaintiffs as Representatives of the Nationwide FLSA Collective Class;

j.   Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

k.   Designation of Plaintiffs as Representatives of the Class; and

l.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 20, 2021                    Respectfully submitted,

                                         LEE LITIGATION GROUP, PLLC

                          By:    */s/ C.K. Lee* _____

                                 C.K. Lee (CL 4086)
                                 Anne Seelig (AS 3976)
                                 148 West 24th Street, 8th Floor
                                 New York, NY 10011
                                 Tel.: 212-465-1188
                                 Fax: 212-465-1181
                                 *Attorneys for Plaintiff, Nationwide FLSA Collective*
                                 *Plaintiffs and the Class*