THE INGBER LAW FIRM, PLLC

September 27, 2021

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

                    Re: Sattyakam v. Aron Security, Inc.
                    SDNY Case No. 21-CV-3485 (PGG)(RWL)

Dear Judge Gardephe:

This firm has recently been substituted as counsel for the Defendant, Aron Security, Inc. d/b/a Arrow Security ("Defendant") in the above-referenced action. We write, pursuant to Rule IV. A. of Your Honor's Individual Rules, to respectfully renew predecessor counsel's request for a pre-motion conference for permission to move to dismiss Plaintiffs' Amended Complaint ("AC"), filed on September 17, 2021.  As the Court is aware, Plaintiffs commenced this wage and hour lawsuit under the Fair Labor Standards Act ("FLSA", 29 U.S.C. §201 *et seq.*) for alleged unpaid wages and overtime wages. Plaintiff Sattyakam, along with other Plaintiffs and Class Members also alleges claims under the New York Labor Law ("NYLL"), Plaintiff Scott alleges claims under the Florida Unpaid Wages Statute, and Plaintiff Chavez alleges claims under the Connecticut Wage Act. Plaintiffs purportedly also assert claims under the laws of eight other states including Arizona, Georgia, Massachusetts, Maryland, New Jersey, Ohio, Oklahoma, and Texas. *See generally* Dkt. 26,  (AC ¶¶ 88-164).[1] Because the AC continues to fall short of the well-established FLSA pleading standard within this Circuit, the AC should be dismissed, with prejudice as to Plaintiffs' FLSA claims and without prejudice as to the state law claims.  In addition, this Court should decline to exercise Supplemental Jurisdiction over any and all state law claims.

### I. Plaintiffs Have Failed to Plead an FLSA Claim

### A. Plaintiffs' "Unpaid Wages" Claim

Plaintiffs purport to state an "unpaid wages" claim under FLSA (AC ¶¶ 70, 71).  Their allegations in this regard reiterate those contained in their original Complaint. However, no such claim is available under the statute. Plaintiffs do not allege a minimum wage violation

---

[1] The dismissal of Plaintiffs' FLSA claims should result in the dismissal of this action in its entirety. Even if this were not the case, which it is, it is clear that Plaintiffs lack standing and are unable to state a claim under laws of states in which they never were employed. Plaintiffs' allegation that similarly situated employees worked in other states does not cure the deficiency, as Plaintiffs have no colorable claim under any of the above-referenced state laws in which they did not work.

but purport to claim unpaid time worked below the 40-hour overtime threshold. Such a claim is not cognizable under the FLSA. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013) ("[W]e now hold that [the] FLSA does not provide for a gap-time claim even when an employee has worked overtime . . . [the] FLSA requires only payment of minimum wages and overtime wages."); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201-02 (2d Cir. 2013) ("the FLSA does not provide a cause of action for unpaid gap time."); *Cromwell v. N.Y.C. Health & Hosps. Corp.*, 983 F. Supp. 2d 269, 271 (S.D.N.Y. 2013). Thus, any claim for non-overtime wages under the FLSA must be dismissed.[2]

### B. Plaintiffs' Unpaid Overtime Claim

With respect to their FLSA overtime claim[3], Plaintiffs have essentially reiterated the deficient claims asserted in the original Complaint and have failed to plead "sufficient factual allegations . . . rather than a general and conclusory allegation as to the number of hours 'routinely' worked – whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) *in which the plaintiff suffered an overtime violation*." *Bustillos v. Acad. Bus, LLC,* 2014 U.S. Dist. LEXIS 3980, at *11 (S.D.N.Y. Jan. 13, 2014) (emphasis added) citing *Lundy*, 711 F.3d at 116; *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 86 (2d Cir. 2013) and *Nakahata*, 723 F.3d at 195. Again, Plaintiffs' AC contains conclusory allegations regarding ranges of hours "typically" worked, or worked "Throughout." (AC ¶¶ 36, 39). Plaintiff Scott alleges a range of time in which he alleges he worked 60 hours per week (AC ¶ 45), another range of time when he alleges he worked 40 hours per week (AC ¶ 46), and vaguely, that the putative collective/class members worked "a similar number of hours per week." (AC ¶ 47). Plaintiff Chavez alleges only a 40 hour work week (AC ¶ 55). Most significantly, while Plaintiff Sattyakam *concedes* that overtime hours are recorded in his records (AC ¶ 37), nowhere in the AC is any week identified when Plaintiffs allege overtime violations occurred. Instead, the AC conclusorily alleges only that Defendants purportedly failed to pay overtime premiums. (AC ¶72). An unpaid FLSA overtime claim fails when a plaintiff only alleges more than 40 hours a week of work without being paid 1.5 times their rate of compensation. Such allegations merely rephrase FLSA sec. 207(a)(1). See *Henao v. Parts Authority, LLC*, 19 CV 10720 (SDNY 2020) (Sept.25, 2020).

Courts in this District have consistently applied *Lundy*, *Nakahata* and *Dejesus* to reject the conclusory summary allegations Plaintiffs have pleaded here. *See, e.g., Bustillos, supra*; *Fridman v. GCS Computs. LLC*, 2018 U.S. Dist. LEXIS 51163 (S.D.N.Y. Mar. 27, 2018); *Mendoza v. Cornell Univ.*, No. 1:20-cv-02110 (MKV), 2021 U.S. Dist. LEXIS 44937 (S.D.N.Y. Mar. 10, 2021); *Limauro v. Consolidated Edison Company of New York, Inc. et*

---

[2] Each of the named Plaintiffs concedes that they were paid hourly wages well above the federal minimum wage, and the AC alleges that the putative class members received similar wages. See AC at paras.38, 48 and 56.

[3] These arguments also apply to any extent Plaintiffs assert unpaid overtime claims under the NYLL, since the pleading standards for FLSA overtime claims apply equally to NYLL state claims. *Mendoza v. Cornell Univ.*, No. 1:20-cv-02110 (MKV), 2021 U.S. Dist. LEXIS 44937 (S.D.N.Y. Mar. 10, 2021) (citations omitted).

*al.*, No. 20-cv- 3558 (CM), 2021 U.S. Dist. LEXIS 62519 (S.D.N.Y. March 31, 2021); *Knight v. MTA-New York City Transit Auth.*, No. 19-CV-9960 (VSB), 2021 U.S. Dist. LEXIS 112082 (S.D.N.Y. June 15, 2021); *Mokrov v. Aeroflot Russian Airlines*, No. 20-CV-588 (GBD) 2021 U.S. Dist. LEXIS 112066 (S.D.N.Y. June 15, 2021). Plaintiffs cannot simply plead that they generally worked some range of hours per week, without some factual material providing details regarding specific workweeks, the precise hours worked, and information giving rise to an inference that minimum wage/overtime requirements were violated.  A plaintiff must sufficiently allege 40 hours of work *in a given work week* as well as *some uncompensated time* in excess of 40 hours. *Fridman, Id*. (emphasis added). Overtime allegations are deficient when they fail to approximate the number of unpaid overtime hours and the amount of wages due. *Dejesus, Id*. For these reasons, Plaintiffs unpaid overtime claims under the FLSA should be dismissed.[4]

## II. The Court Should Not Exercise Supplemental Jurisdiction Over the State Law Claims

The Plaintiffs and putative collective/class members purport to state claims under the NYLL.[5]  Even if the federal wage and hour claims asserted in this matter were not subject to dismissal, which they are, all such NYLL claims, except, perhaps, for those alleged by Plaintiff Sattyakam would be subject to dismissal under FRCP Rule 12(b)(6). An employee's services must be localized in New York in order to be covered under the NYLL. See, e.g. *Matter of Allen*, 100 NY2d 282 (2003); *Matter of Story*, 28 AD2d 1186 (1967). Clearly, employees may not bring claims under the NYLL when they were never employed in New York.

Moreover, respectfully, the Court's exercise of Supplemental Jurisdiction over other state law wage claims than New York would be inappropriate.  28 U.S.C. sec. 1367 (c) provides that a court may decline to exercise Supplemental Jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction, or if there are other compelling reasons for declining jurisdiction. See *Vaughn v. Phoenix House New York, Inc*., 957 F.3d 141 (2d Cir. 2020); *Zhong v. August August Corp*., 498 F.Supp 2d 625 (SDNY 2007). The decision to exercise Supplemental Jurisdiction is within the Court's discretion and involves consideration of judicial economy, convenience, fairness, and comity; once all federal claims have been dismissed, the balance of factors will usually be in favor of declination. *Fridman, Id*. This Circuit " 'takes a very strong position that state issues should be decided by state courts.' " *Henao v. Parts Authority, LLC,* 19 CV 10720 (SDNY 2020) (September 25, 2020) (quoting *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405(2d Cir. 2017).

---

[4] The Court noted in *Fridman* that a liberal approach is taken towards permitting amendments to complaints. However, the Plaintiffs have already taken this opportunity, to no avail.  When a plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner that would survive dismissal, the opportunity to replead is rightfully denied. *Henao v. Parts Authority, LLC,* 19 CV 10720 (SDNY 2020) (September 25, 2020).

[5] For example, Scott and Chavez allege purported NYLL uniform maintenance claims not applicable to them because they did not work in New York (AC ¶53, 58).

The above factors would not be served by entertaining claims based on conflicting wage and hour laws of a dozen states, brought by claimants over whom the Court could not otherwise exercise jurisdiction. This is especially so given that this matter remains in the pleading stage without any risk of hardship arising from dismissal. See *Kroshnyl v. US Pack Courier Svcs., Inc*. 771 F.3d 93, 102 (2d Cir. 2014).[6]

For the reasons set forth herein, Defendant respectfully requests a pre-motion conference regarding its anticipated motion to dismiss the Complaint.[7] Following dismissal of Plaintiffs' FLSA claims, in light of the procedural posture of this case, the Court should not retain Supplemental Jurisdiction over Plaintiffs' putative state law claims, which should be dismissed without prejudice. *Krumholz v. Vill. of Northport*, 873 F. Supp. 2d. 481, 483 (E.D.N.Y. 2012) (granting summary judgment as to FLSA claims and dismissing state law claims without prejudice).

> Respectfully submitted,
> The Ingber Law Firm, PLLC
> /s/
> Sharon Simon, Of Counsel

---

[6] Nor, respectfully (and without addressing class treatment at this time), is a class action involving conflicting state wage laws suitable for such treatment. Putative class actions involving the laws of multiple states are often not properly certified because variation in legal issues overwhelms the issues common to the class. See *Borghese v. Baby Brezza Enterprises, LLC*, 20 CV 1180 (SDNY 2021) (February 18, 2021)

[7] This letter motion is respectfully submitted with reservation of Defendant's rights as to other substantive and jurisdictional defenses.